IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**04/01/2011**

```
IN RE                          )
                               )
THAEDINE A. BROWN,             )   CASE NO. 10-40234-H3-13
                               )
        Debtor                 )
                               )
```

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion For Relief From The Stay Regarding Exempt Property And Request For Variance" (Docket No. 17) filed by US Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-3 ("Movant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Thaedine A. Brown, Debtor, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 9, 2010 and William E. Heitkamp was appointed the Chapter 13 Trustee.

On September 7, 2010, at a foreclosure sale conducted by a substitute trustee, Debtor's ownership interest in real property located at 20231 Baron Brook Drive, Cypress, Texas (hereinafter referred to as the "real property") was sold to

Movant.  Movant recorded the substitute trustee's deed in the real property records of Fort Bend County, Texas, on September 10, 2010.  Movant's Exhibit M-2.

Debtor listed the real property in Schedule A and claimed it as exempt in Schedule C.  Docket Nos. 1 and 31.  In Adversary Proceeding No. 11-3024, Debtor sued US Bank National Association and Wells Fargo Bank, Mortgage Servicer for US Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-3 and the law firm of Brice, Vander Linden & Wernick, P.C. and contends that the foreclosure sale was wrongful.  In the Complaint, Debtor asserts she did not receive proper notice of the foreclosure pursuant to the Texas Property Code, that the appointment of the substitute trustee was invalid, that the servicer lacked authority to conduct the foreclosure, and that Movant's acts were deceptive and unconscionable because Movant was pursing foreclosure proceedings at the same time Movant was negotiating a loan modification with Debtor.

Debtor testified that the note and loan were initially made with Fremont Investment & Loan as the lender.  Payments were made to Fremont until Debtor received a billing statement on the loan from American Servicing Company.  Debtor testified that she never received a notice of transfer of the note and mortgage from Fremont to American Servicing Company.  She testified that she was not aware of US Bank National Association or the foreclosure at the time it took place because she was still dealing with

American Servicing Company.  She testified she never received any foreclosure notices from US Bank National Association or American Servicing Company.

In the instant motion, Movant seeks lifting of stay for cause, asserting that Debtor has no interest in the property. Movant offered into evidence certified copies of the deed of trust, the substitute trustee's deed, and a demand to vacate premises.  Movant's Exhibits M1 to M3.  Movant presented no other evidence.

Debtor has proposed a Chapter 13 plan, which calls for Debtor to pay $1,820 per month for 60 months to the Chapter 13 Trustee.  The plan proposes to pay 100% of all unsecured claims and provides for the Chapter 13 Trustee to disburse a regular monthly mortgage payment to American Servicing Company, and $15,591 to cure American Servicing Company's claim.  (Docket No. 2).  According to the Chapter 13 Trustee, Debtor executed an ACH draft which began on March 7, 2011 and she is current in making her Chapter 13 plan payments.  The court has not yet conducted a confirmation hearing on Debtor's plan.  Movant has not filed a proof of claim.

Conclusions of Law

Under Section 362(d)(1) of the Bankruptcy Code, the court shall grant relief, such as by terminating, annulling, modifying, or conditioning the stay, for cause.  Cause is not defined in the Code, and must be determined on a case by case

basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, although Movant has a recorded deed transferring Debtor's interest in the property to Movant, Debtor has filed an adversary proceeding contending that the foreclosure sale through which Movant acquired that interest was wrongful. There was no showing of authority for the foreclosing entity to foreclose. Debtor appears capable of making payments, through the Chapter 13 plan, that will be dedicated to payment of the mortgage and the mortgage arrears. Accordingly, the court will order that the stay remain in effect, conditioned on the Debtor's making of the payments called for under her proposed Chapter 13 plan.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this 1st day of April, 2011.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE